UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ALEXANDER MALDONADO, JR.**                                         **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:23-CV-P672-JHM**

**ANNA VALENTINE** *et al.*                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint (DN 1) and amended complaint (DN 9) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow one claim proceed and dismiss all other claims.

### I. SUMMARY OF PLEADINGS

Plaintiff Alexander Maldonado is incarcerated as a convicted prisoner at Kentucky State Reformatory (KSR). He brings this action against the following KSR officials in both their official and individual capacities – Warden Anna Valentine, Lt. Steven Crawford, UA/Grievance Counselor Hilary Rucker, Deputy Warden Jesse Stacks, Deputy Warden Philip Campbell, Sgt. Sophie Hammann, Capt. Randy Ordway, Lt. Steve Howard, Capt. Katheryn Nolen, Chaplain David Dillard, Capt. Jesus Gonzalez, Officer Chris Bleu, Sgt. Robyn Ford, and Lt. Tiffany Norris. Plaintiff also sues Kentucky Department of Corrections Commissioner (KDOC) Cookie Crews, KDOC Ombudsman Allyson Lambert, and Dr. Robert Adams in both their official and individual capacities. Plaintiff complains about violations of his constitutional rights at KSR. As relief, Plaintiff seeks damages and restoration of good-time credits.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. § 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff's official-capacity claims against Defendants are subject to dismissal. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

For these reasons, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted and for seeking damages from Defendants who are immune from such relief.

## B. Individual-Capacity Claims

### 1. Missed Urinalysis & Related Incidents

Plaintiff first alleges that on July 1, 2023, at 12:00 p.m., he was told not to urinate because he was going to have a urinalysis to test for drugs. Plaintiff states that he arrived at the testing area at 1:00 p.m. and told Defendant Crawford that he "needed to go badly" and asked that he be allowed to go first, but that Defendant Crawford ignored him even though he knew that Plaintiff had kidney problems. Plaintiff states that he then asked Defendant Gonzalez to have Defendant Crawford test him first due to his kidney problems and that Defendant Gonzalez told Plaintiff to go back to the dorm and urinate and then come back. Plaintiff states that he instead went back to the testing area and that when Defendant Crawford saw him, he had Plaintiff cuffed (ostensibly for leaving the testing area) and taken to Defendant Gonzalez. Plaintiff states that Defendant Gonzalez ordered his release and told Plaintiff to return to the testing area. Plaintiff states that Defendant Gonzalez then told Defendant Crawford to test him because "[I] had my parole eligibility in the upcoming weeks." Plaintiff then insinuates that instead of testing him, Defendant Crawford kicked him out of the testing area again. Plaintiff argues that these allegations show that Defendant Crawford "sabotaged" his urinalysis so that Plaintiff would be denied parole and that Defendants Crawford and Gonzalez conspired together to make this happen. Plaintiff states that he filed a grievance concerning this issue and that Defendant Crawford then filed a disciplinary write-up in retaliation. Plaintiff also states that although his write-up by Defendant Crawford was ultimately dismissed based upon video footage of the incident, Defendants Norris, Campbell, and Hamman did not conduct a proper investigation of the write-up. Plaintiff also writes that although he was denied parole on July 10, 2023, it was not because he missed his urinalysis or received a write-up but because of a "clerical error" in the Kentucky Offender Management System.

### a. Defendant Crawford

The Court broadly construes the complaint and amended complaint as stating a Fourteenth Amendment procedural due process claim against Defendant Crawford for allegedly trying to cause Plaintiff to be denied parole by not allowing him to take his drug test on the date scheduled. The Fourteenth Amendment protects an individual from deprivation of life, liberty, or property without due process of law. *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). "[T]o obtain a constitutionally protected liberty interest in parole, [a prisoner] must have a 'legitimate claim of entitlement to' parole, a claim that can be created only by the operation of state law." *Bartley v. Adams*, No. 19-5067, 2020 WL 374166, at *1 (6th Cir Jan. 7, 2020) (quoting *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011)). "Under Kentucky law, 'parole is not a right but a privilege.'" *Id*. (quoting *Stewart v. Commonwealth*, 153 S.W.3d 789, 793 (Ky. 2005)). Thus, because Plaintiff does not have a protected liberty interest in being released on parole, Plaintiff fails to state a procedural due process claim against Defendant Crawford. *See, e.g.*, *McCain v. Jackson*, No. 1:19-cv-234, 2019 U.S. Dist. LEXIS 79425, at *12 (S.D. Ohio May 10, 2019) ("To the extent that plaintiff alleges that the allegedly false conduct report may affect his parole eligibility, plaintiff's claim fails because he does not have a constitutionally protected liberty interest in being released on parole.").

Upon consideration of Plaintiff's allegations, <u>the Court will allow a First Amendment retaliation claim to proceed against Defendant Crawford in his individual capacity for allegedly writing Plaintiff up for a disciplinary infraction because Plaintiff filed a grievance against him</u>. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### b. Disciplinary Investigation

Plaintiff faults Defendants Norris, Campbell, and Hamman for the actions they took in investigating his write-up by Defendant Crawford which was ultimately overturned. The Court also construes these claims as Fourteenth Amendment procedural due process claims. Here, Plaintiff has failed to allege that being found guilty, at least initially, of the conduct described in his disciplinary write-up affected the duration of his sentence or resulted in an "atypical and significant hardship" on him. Thus, the Court concludes that Plaintiff had no right to due process regarding the disciplinary write-up itself and, therefore, had no due process interest in the proper investigation of the write-up by Defendants Norris, Campbell, and Hammann. *See, e.g.*, *Seastrom v. Jennett*, No. 1:19-cv-637, 2019 U.S. Dist. LEXIS 177876, at *13 (W.D. Mich. Oct. 15, 2019) (holding that if there is no right to due process on the disciplinary charge, there is no due process interest in the investigation of the charge); *see also Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011) (a misconduct report does not necessarily affect the length of a prisoner's sentence because it is "simply a record that will be presented to the parole board to aid in its [parole] determination").

Thus, the Court will dismiss Plaintiff's Fourteenth Amendment procedural due process claims against Defendants Norris, Campbell, and Hammann for failure to state a claim upon which relief may be granted.

### c. Conspiracy

As to Plaintiff's conspiracy claims against Defendants Crawford and Gonzalez, a civil conspiracy under § 1983 is "'an agreement between two or more persons to injure another by unlawful action.'" *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). A plaintiff must show the existence of a single plan, that the alleged co-conspirators shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity; vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Here, Plaintiff makes no allegation which indicates that Defendants Crawford and Gonzalez formed a plan to violate Plaintiff's constitutional rights. Rather, the allegations indicate that Defendant Gonzalez was actually trying to help Plaintiff get his urinalysis. Thus, the Court will dismiss Plaintiff's conspiracy claims against Defendants Crawford and Gonzales for failure to state a claim upon which relief may be granted.

### 2. Denial of Access to a Tablet & Related Incidents

Plaintiff next alleges that he did not have a working tablet from November 29, 2023, until January 11, 2024. Plaintiff states that he used the tablet to access "LEXIS NEXIS" and that he has a case pending in the court of appeals. In the amended complaint, he alleges that on one occasion

when he did have a tablet, it was not working, so he took it to the "I.T. Department." Plaintiff alleges that Defendant Rucker "defamed" him after he did this by stating that he "was going to get everyone's tablet taken away." Plaintiff, who identifies himself as an "American-born Puerto Rican," states that one of the KSR officers who denied him access to a tablet is Defendant Ordway, who Plaintiff alleges has a tattoo of the confederate flag and confederate soldiers on his arm and told Plaintiff to "Speak English." Plaintiff also alleges that Defendant Howard violated his rights when he told Plaintiff to "shut the F—k up."

### a. Denial of Access to Tablet

Prisoners do not have a right to a law library but do have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a viable claim for denial of access to the courts, a prisoner must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Lewis*, 518 U.S. at 351. Actual injury requires a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id*. at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.*"* *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Plaintiff has failed to set forth any actual injury under the above standard. Thus, Plaintiff's claim regarding denial of access to a tablet must be dismissed for failure to state a claim upon which relief may be granted.

**b. Equal Protection**

Plaintiff seems to allege that Defendant Ordway violated Plaintiff's constitutional rights by having a tattoo of the confederate flag and confederate soldiers on his arm and by telling Plaintiff to "Speak English."

The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The "'threshold element of an equal protection claim is disparate treatment . . . .'" *Ctr. For Bio-Ethical Reform*, Inc*., v. Napolitano*, 648 F. 3d 365, 379 (6th Cir. 2011) (quoting *Scarborough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006)).

Here, Plaintiff does not allege that he was treated differently than any other inmate by Defendant Ordway based upon his race. Moreover, courts have widely held that the use of racial epithetsand offensive imagery does not amount to an equal protection violation absent "harassment or some other conduct that deprives the victim of established rights." *Nadab v. Wetzel*, No. 20-CV-3537, 2020 U.S. Dist. LEXIS 192814 , at *11 (E.D Pa. Oct. 16, 2020) (quoting *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999)); *see also Mugavero v. Town of Kearny*, No. 12-2439, 2013 U.S. Dist. LEXIS 106322, at *8(D.N.J. July 30, 2013) ("[L]ike offensive statements, the display or drawing of offensive imagery does not, on its own, amount to a constitutional violation.").

Thus, the Court will dismiss Plaintiff's equal-protection claim against Defendant Ordway for failure to state a claim upon which relief may be granted.

### c. Freedom of Speech

The Court next turns to Plaintiff's claim that Defendant Howard violated his First Amendment right to freedom of speech when he told Plaintiff "shut the f—k up." Courts, including this one, have considered this type of claim and and rejected it. *See Hill v. Mills*, No. 5:23-CV-155-CHB, 2023 U.S. Dist. LEXIS 194982, at *7 (E.D. Ky. Oct. 31, 2023) (holding that an inmate being told to "shut the (f) up" by a corrections officer did not constitute a violation of the prisoner's First Amendment right to free speech); *see also Cooper v. Chambers-Smith*, No. 1:23-cv-1793, 2024 U.S. Dist. LEXIS 21907, at *5 (N.D. Ohio Feb. 8, 2024) ("Plaintiff does not have a constitutional right to argue with a prison officer and the officer's action in not entertaining the argument did not violate Plaintiff's right to free speech."); *Hensley v. Kampshaefer*, No. 3:07CV-616-H, 2009 U.S. Dist. LEXIS 1478 at *11 (W.D. Ky. Jan. 9, 2009) ("Unlimited free speech for inmates during cell searches would clearly be inconsistent with both the inmates' status as prisoners and with legitimate penological interests."). Thus, the Court will dismiss Plaintiff's freedom-of-speech claim against Defendant Howard for failure to state a claim upon which relief may be granted.

### 3. Chaplain Dillard

Plaintiff next alleges that Chaplain Dillard refused to provide him the information he needed to register his religion with the United States Government. He also states that Chaplain Dillard called him a "black-rapping Jew." The Court is unaware of any process by which a citizen may register his/her religion with the United States Government. Thus, the Court concludes that Chaplain Dillard's alleged failure to provide such information is not a constitutional violation. As to Plaintiff's second allegation, although unprofessional and deplorable, a prison official's alleged use of a racial slur on one occasion fails to give rise to a constitutional claim. *See, e.g.*, *Jones Bey*

*v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (holding state prison guard's use of racial slurs and derogatory language does not rise to the level of an Eighth Amendment violation); *Jones v. Porter*, No. 99-1326, 2000 U.S. App. LEXIS 8929, at *6 (6th Cir. May 1, 2000) (holding prison official's use of racial slur does not give rise to a Fourteenth Amendment equal-protection claim); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (collecting cases) (holding that use of racially derogatory language "[s]tanding alone . . . does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

Thus, the Court will also dismiss Plaintiff's claims against Chaplain Dillard for failure to state a claim upon which relief may be granted.

### 4. Disciplinary Conspiracy

Plaintiff alleges that Defendants Chris Bleu and Robyn Ford and all other Defendants are a "part of the conspiracy in several occasions they assisted with the systematic write-up plot which took place in the whole 2023 and was spaced well enough for me not to notice until I had been flopped on July 10, 2023 . . . ." The Court finds that this allegation is too vague and conclusory to state a claim under the civil conspiracy standard set forth above. Thus, these claims will also be dismissed for failure to state a claim upon which relief may be granted.

### 5. Grievance Issues

Throughout the complaint and amended complaint, Plaintiff states that various Defendants improperly rejected his grievances, placed him on a grievance restriction, and/or failed to take appropriate action on the information contained in his grievances.

Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to

unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right to an effective prison grievance procedure") (citing cases). Thus, the denial of an administrative grievance or the failure to act based upon allegations contained in a grievance are insufficient to state a constitutional claim. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Gibbs v. Laughhunn*, No. 16-1771, 2017 U.S. App. LEXIS 13760, at *5 (6th Cir. Feb. 2, 2017).

In light of this jurisprudence, the Court will dismiss all of Plaintiff's grievance-related claims for failure to state a claim upon which relief may be granted.

### 6. Supervisory Liability

Throughout the complaint and amended complaint Plaintiff also seeks to hold various Defendants liable in their roles as supervisors at KSR or KDOC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee,* 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

For these reasons, the Court concludes that any individual-capacity claims based upon the doctrine of *respondeat superior* must be dismissed for failure to state a claim upon which relief may be granted.

### IV. State-Law Claims

#### A. Defamation

Plaintiff alleges that Defendant Rucker defamed him after Plaintiff asked the "I.T. Department" for help with his tablet by telling him that he was "was going to get everyone's tablet taken away." In Kentucky, defamation is "mak[ing] a false statement about someone to a third person in such a way as to harm the reputation of the person spoken of." *Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276, 286 (Ky. 2014). To state a claim for defamation, the plaintiff must establish four elements: "(1) defamatory language; (2) about the plaintiff; (3) which is published; and (4) which causes injury to reputation." *Biber v. Duplicator Sales & Serv. Inc.*, 155 S.W.3d 732, 736 (Ky. App. 2004). Because Defendant Rucker's alleged statement was not a false statement about Plaintiff, but her opinion about what could happen, this claim must also be dismissed for failure to state a claim upon which relief may be granted.

#### B. Medical Malpractice

Plaintiff alleges that Defendant Dr. Robert Adams committed medical malpractice "in different formats" and kept Plaintiff at a "LEVEL4." Medical malpractice is a state-law negligence claim. To prevail on a claim for negligence in Kentucky, a plaintiff must prove: duty, breach, causation, and injury. *Grubbs ex rel. Grubbs v. Barbourville Family Health Ctr., P.S.C.*, 120 S.W.3d 682, 687 (Ky. 2003). Specifically, "[i]n medical malpractice cases the plaintiff must prove that the treatment given was below the degree of care and skill expected of a reasonably competent

practitioner and that the negligence proximately caused injury or death." *Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky. 1982).

Here, the Court finds that Plaintiff's medical malpractice claim must be dismissed because it is too vague and conclusory to state a claim upon which relief may be granted.

## V. Remaining Claims

### A. Defendant Nolen

Plaintiff lists Captain Katheryn Nolen as a Defendant in the caption of the complaint. However, neither the complaint nor the amended complaint contain any allegations against her. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Thus, because Plaintiff makes no allegations against Defendant Nolan, Plaintiff fails to state a claim against her, and she will be dismissed from this action.

### B. Restoration of Good-Time Credit

Finally, the Court turns to Plaintiff's request that his good-time credit be restored. He does not connect this request to any specific disciplinary infraction. However, even if he did, a

14

challenge to the fact or duration of confinement must be brought as a petition for habeas corpus and is not the proper subject of a civil-rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

## VI. CONCLUSION

For the foregoing reasons, **IT IS ORDERED that Plaintiff's First Amendment retaliation claim against Defendant Crawford in his individual capacity shall proceed**.

**IT IS FURTHER ORDERED that all other claims are DISMISSED pursuant 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking monetary relief from a defendant who is immune from such relief**.

Because no claims remain against any Defendant except Defendant Crawford, **the Clerk of Court is DIRECTED to terminate all other Defendants as parties to this action.**

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: February 27, 2024

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant Crawford
     Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011